**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CANADA (COMMISSIONER OF COMPETITION),<br><br>Applicant. | Case No.:<br><br>**DECLARATION OF JOHN J. MALLEY IN SUPPORT OF MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL** |

I, JOHN J. MALLEY, declare as follows:

1. I am an attorney, duly licensed to practice law in this Court. I am a partner in the law firm of Kucker Marino Winiarsky & Bittens, LLP, and counsel for Applicant Canada (Commissioner of Competition) ("Applicant") in connection with the instant *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. This *Ex Parte* Application is brought in support of Applicant's prosecution of the case currently pending before the Competition Tribunal, styled *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, CT File No. CT-2024-010 (the "Canadian Proceeding.").

2. Applicant filed in the Canadian Action a redacted Affidavit of Josh Lichtman, Affirmed on April 30, 2026 (the "Lichtman Affidavit"). The Lichtman Affidavit was filed in the Canadian Proceeding on May 5, 2026, in support of the Commissioner of Competition's Motion to Commission Evidence. I have personally reviewed that filing, which the public may view on the website of the Canadian government at https://decisions.ct-tc.gc.ca/ct-tc/cdo/en/521815/1/document.do.

3. The redacted public version of the Lichtman Affidavit is attached as Exhibit 2 to my separate and concurrently filed Declaration in Support of *Ex Parte* Application for Judicial

Assistance Pursuant to 28 U.S.C. § 1782. This version redacts personal identifying information of former Google LLC employees that are potential witnesses in the Canadian Action. This information is not itself relevant to the merits of the issues in the Canadian Action but only to the question of whether the instant *Ex Parte* Application is appropriately filed in this district.

4. Applicant does not seek to seal Exhibit 2 in its entirety. Instead, Applicant seeks only to protect the privacy interests of the three nonparties by making tailored redactions limited to their home addresses, personal telephone numbers, and dates of birth. The remainder of the Lichtman Affidavit will remain publicly available. Because the proposed redactions are limited to the personal identifying information itself, no narrower redactions would prevent its disclosure.

5. Only one of those individuals, Christopher LaSala, is the subject of the subpoena sought through the instant Application. The other two individuals, Scott Spencer and Jonathan Bellack, are identified in the Affidavit as potential witnesses but are not subjects of the proposed subpoena.

6. The Lichtman Affidavit identifies Christopher LaSala's place of residence for purposes of establishing that the instant *Ex Parte* Application is appropriately filed in this District. The personal identifying information of Scott Spencer and Jonathan Bellack is not relevant to the proposed subpoena or to any issue presented by the instant Application.

7. Public disclosure of the personal identifying information would place their home addresses, personal phone numbers, and dates of birth on the Court's publicly accessible docket and make that information available for dissemination. Once publicly disclosed, the privacy of that information cannot be restored.

8. None of the three nonparties are presently before the Court. Accordingly, there is no appearing party with whom Applicant can confer concerning the proposed redactions. Applicant

is not aware of any party or nonparty that objects to the requested relief. Nevertheless, in an abundance of caution, Applicant asks the Court to file the personal information under seal to protect the three nonparty witnesses' privacy.

9. The same personal identifying information was redacted from the publicly field version of the Affidavit in the Canadian Proceeding and was also redacted from the publicly filed version of the Affidavit in a similar Application made before the United States District Court for the Southern District of New York with respect to other former Google employees. *See In Re: Canada (Commissioner of Competition)*, Case No. 1:26-mc-00444-ER, (S.D.N.Y), filed September 15, 2026, Dkt. No. 8.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026 at New York, New York.

*/s/ John J. Malley, Esq.*
John J. Malley, Esq.