**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CANADA (COMMISSIONER OF COMPETITION),<br><br>Applicant. | Case No.:<br><br>**APPLICANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO SEAL PORTIONS OF EXHIBIT 2 [ORAL ARGUMENT NOT REQUESTED]** |

Applicant CANADA (COMMISSIONER OF COMPETITION) ("Applicant") seeks to seal certain portions of Exhibit 2 to the Declaration of John J. Malley in Support of Applicant's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. Exhibit 2 is the Affidavit of Josh Lichtman, a redacted version of which was filed in *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, File No. CT-2024-010, currently pending before Canada's Competition Tribunal ("the Competition Proceeding"). In the affidavit, Mr. Lichtman attests to certain facts as to personal identifying information, including personal telephone numbers, home addresses, and dates of birth of three former Google LLC employees who are potential witnesses in the Competition Proceeding. In the Competition Proceeding, this personal identifying information was redacted from the publicly filed version of the Affidavit. *See* Declaration of John J. Malley in Support of Applicant's Motion to Seal Portions of Exhibit 2 ("Sealing Declaration") ¶ 9.

Local Civil Rule 5(e) governs the filing of judicial documents under seal. A sealing order must contain "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L. Civ. R. 5(e)(3). Although judicial documents are presumptively accessible to the public, materials submitted in connection with non-dispositive motions are subject to a "lesser—but still substantial—presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *see also Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *4–5 (S.D.N.Y. Jan.

12, 2023) (applying that standard to filings in a § 1782 proceeding). In balancing that presumption against countervailing considerations, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (internal citation omitted).

Here, Applicant seeks to redact the personal identifying information of the three former Google LLC employees as reflected in Exhibit 2. Only one of those individuals, Christopher LaSala, resides in Connecticut and is the subject of the subpoena sought through the instant Application. Mr. LaSala's place of residence is relevant only to the question of whether the instant *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 is appropriately filed in this District. However, public disclosure of his exact home address, personal telephone numbers, and date of birth is not necessary to evaluate that issue. The other two individuals reside in other districts and, although they are potential witnesses in the Competition Proceeding, are not subjects of the Application before this Court. Their personal identifying information also appears in Exhibit 2 but has no bearing on the relief sought here. None of this personal identifying information in Exhibit 2 is relevant to the merits of the Competition Action. *See* Sealing Declaration ¶¶ 6-8. Courts in this District and the Second Circuit recognize the privacy interests implicated by public disclosure of personal identifying information, including home addresses, telephone numbers, and dates of birth. *See, e.g.*, *Phalon v. Avantor Inc.*, No. 3:19-CV-00852 (JCH), 2021 WL 4477404, at *7–8 (D. Conn. Sept. 30, 2021) (ordering redaction of "full dates of birth, home addresses, personal phone numbers," and other identifying information of the plaintiff and nonparties while requiring public disclosure of the remaining portions of the documents); *Brown*, 929 F.3d at 48 n.22 (ordering public disclosure subject to "minimal redactions" protecting personal identifying information, including telephone numbers and birth dates). Applicant does not seek to seal Exhibit 2 in its entirety; instead, it seeks to protect the privacy interests of all three nonparties, regardless of whether they are subjects of this Application, through tailored redactions limited to their exact home addresses, personal telephone numbers, and full dates of birth, including the years, which have

no bearing on the Application. *See* Sealing Declaration ¶ 4. These limited redactions protect the nonparties' privacy without obscuring the basis for the Application. *See Phalon*, 2021 WL 4477404, at *8; L. Civ. R. 5(e)(3). These same redactions were approved and filed under seal by the United States District Court for the Southern District of New York in an *ex parte* application made with respect to other former Google employees. *See In Re: Canada (Commissioner of Competition)*, Case No. 1:26-mc-00444-ER (S.D.N.Y.), filed September 15, 2026, Dkt. No. 8.

For the foregoing reasons, Applicant respectfully requests the Court grant the Motion, authorize the requested redactions to the public version as reflected in Exhibit 2, and direct that the unredacted version remain under seal.

DATED: October 6, 2026

KUCKER, MARINO, WINIARSKY
& BITTENS LLP

By: *<u>/s/ John J. Malley, Esq.</u>*
John J. Malley, Esq.
747 Third Avenue
New York, New York 10017
(212) 869-5030
*Attorneys for Applicant*
Canada (Commissioner of Competition)
jmalley@kuckermarino.com
Bar No. 30155

PENDING PRO HAC VICE

APPLICATION TO BE SUBMITTED:

David W. Kesselman (CA SBN 203838)
*dkesselman@kblaw.com*
Amy T. Brantly (CA SBN 210893)
*abrantly@kbslaw.com*
KESSELMAN BRANTLY STOCKINGER LLP
841 Apollo St. Ste. 320
El Segundo, CA 90245
Tel: 310-307-4555 | Fax 310-307-4570