**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CANADA (COMMISSIONER OF COMPETITION),<br><br>Applicant. | Case No.:<br><br>**[PROPOSED] ORDER GRANTING APPLICANT'S MOTION FOR LEAVE TO FILE PORTIONS OF EXHIBIT 2 UNDER SEAL** |

This matter comes before the Court on Applicant Canada (Commissioner of Competition)'s ("Applicant") Motion For Leave to File Portions of Exhibit 2 Under Seal. Exhibit 2 is attached to the Declaration of John J. Malley in Support of Applicant's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Motion"). The Court having considered the Motion, the Declaration of John J. Malley in Support of Applicant's Motion to Seal Portions of Exhibit 2 (the "Sealing Declaration"), and the exhibits thereto, the Court makes the following findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons:

1. In support of Applicant's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, Applicant submitted the Declaration of John J. Malley (the "Application Declaration"). Attached as Exhibit 2 to the Application Declaration is a copy of the Affidavit of Josh Lichtman, affirmed on April 28, 2026 (the "Lichtman Affidavit"), filed under temporary seal pursuant to Local Civil Rule 5.3(c)(4).

2. The Lichtman Affidavit contains the exact home addresses, telephone numbers, and dates of birth of three former Google LLC employees who are nonparties and potential witnesses in *Canada (Commissioner of Competition) v. Google Canada Corporation and Google LLC*, File No. CT-2024-010 currently pending before Canada's Competition Tribunal ("the Competition Proceeding").

3. Applicant seeks to redact only the portions of the Lichtman Affidavit identified in the chart below:

| **Ex. No.** | **Document** | **Portion(s) to Seal** | **Reason for Sealing** |
|---|---|---|---|
| Exhibit 2 | Affidavit of Josh Lichtman, Affirmed on April 30, 2026 | Paragraph 11: Personal identifying information of Scott Spencer | Preserve privacy rights of third parties in their personal identifying information. |
| Exhibit 2 | Affidavit of Josh Lichtman, Affirmed on April 30, 2026 | Paragraph 13: Personal identifying information of Christopher LaSala | Preserve privacy rights of third parties in their personal identifying information. |
| Exhibit 2 | Affidavit of Josh Lichtman, Affirmed on April 30, 2026 | Paragraph 15: Personal identifying information of Jonathan Bellack | Preserve privacy rights of third parties in their personal identifying information. |

4. Only one of those individuals, Christohper LaSala, resides in this District and is the subject of the proposed subpoena. Although the fact that Mr. LaSala resides in this District is relevant to the Application, his exact home address, phone numbers, and date of birth are not necessary to establish that fact. The other two individuals are not subjects of the proposed subpoena, and their personal identifying information has no bearing on the relief sought through the Application.

5. The three nonparties have legitimate privacy interests in their exact home addresses, personal telephone numbers, and dates of birth. Public disclosure would place that information on the Court's publicly accessible docket, thereby eliminating the privacy of that information and making it available for unrestricted dissemination. The public has no meaningful interest in disclosure of that information.

6. Applicant seeks to redact only the personal identifying information identified in the chart referenced above. The remainder of Exhibit 2 will remain publicly available. The proposed redactions are narrowly tailored, and no less restrictive alternative exists that would protect the personal identifying information from public disclosure.

7. No prior order has sealed the personal identifying information in this action. The same information was, however, redacted from the publicly filed version of the Lichtman Affidavit in the Competition Proceeding and in the United States District Court for the Southern District of New York where a similar application was made with respect to other former Google employees. *See In Re: Canada (Commissioner of Competition)*, Case No. 1:26-mc-00444-ER(S.D.N.Y), filed September 15, 2026, Dkt. No. 8. No party or nonparty is known to object to the requested redactions.

Accordingly, Applicant has satisfied Local Civil Rule 5.3(e) and overcome the presumption of public access as to the limited portions of the Lichtman Affidavit identified in the chart referenced above.

It is therefore on this ____ day of ______________, 2026 ORDERED that:

1. Applicant's Motion to Seal Portions of Exhibit 2 is GRANTED; and

2. The unredacted version of Exhibit 2, filed under temporary seal as Dkt. No. __, shall remain under seal.

____________________________________

UNITED STATES DISTRICT JUDGE